IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:03-232-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Donald Little, ) | |
| ) | |
| Movant. ) | |
| ) | |

This matter is before the court on Donald Little's ("Little") motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. For the reasons below, the court dismisses Little's motion.

### I. Factual and Procedural Background

On April 9, 2003, Little was charged with one count of falsely assuming and pretending to be an officer or employee of the United States, one count of knowingly using and carrying firearms during and in relation to a crime of violence, and one count of assisting in the attempted escape of a federal prisoner. On June 19, 2003, Magistrate Judge Bruce Howe Hendricks issued an emergency order providing for a psychiatric examination of Little. After a competency hearing held on September 30, 2003, pursuant to 18 U.S.C. § 4241(c), Magistrate Judge William M. Catoe found Little incompetent to stand trial based on the results of his mental evaluation. On October 1, 2003, Magistrate Judge Catoe ordered that Little be committed for further evaluation and ordered his physician to provide monthly reports on his condition. The Government moved to dismiss the indictment against Little on March 8, 2004, on the basis that Little was "suffering from a mental disease or defect to the extent that his

1

mental condition preclude[d] prosecution at the . . . time." (Gov't's Mot. Dismiss Indictment 1.) The court granted the Government's motion to dismiss the indictment on the same day.

On January 14, 2008, Little filed the instant motion for return of property pursuant to Rule 41(g). On January 15, 2008, the court ordered the Government to respond to Little's motion. The Government responded on February 6, 2008, and argued that Little's motion should be considered moot.

## II. DISCUSSION OF THE LAW

Pursuant to Rule 41(g), "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. Proc. 41(g). Little moves for the return of a Ruger .357 magnum revolver, serial number 173-36758 ("property"), which was collected by the Federal Bureau of Investigation ("FBI") on March 24, 2003, in connection with its investigation involving Little. Little alleges that the property "is being held without due process." (Little's Mot. Return Property 1.)

A review of the correspondence submitted by Little reveals that in a letter dated July 19, 2007, Brian Lamkin of the FBI informed Little that the FBI was in possession of the property and that title would vest in the United States unless Little filed a legal claim to the property within thirty days. (Id. Ex. 2 (Correspondence 1).) Little responded on August 9, 2007, and asserted ownership of the property. (Id. Ex. 2 (Correspondence 2).) In a letter dated August 20, 2007, FBI agent Thomas E. O'Neill ("O'Neill") informed Little that he was legally prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(4), but that he could designate another individual to claim the property. (Id. Ex. 2 (Correspondence 3).) Little responded on

August 31, 2007, and stated that he "had seen no evidence in the record" supporting the FBI's position that he was prohibited from possessing a firearm. (Id. Ex. 2 (Correspondence 4).) In response, O'Neill informed Little on September 20, 2007, that his claim would be forwarded to the Office of General Counsel for the FBI in Washington, D.C., for a final consideration. (Little's Mot. Return Property Ex. 2 (Correspondence 7).)

With its response, the Government has submitted a letter dated November 2, 2007, from Towanna R. Johnson ("Johnson") of the FBI's finance division, informing Little that his claim for the property was denied because he had "been adjudicated as a mental defective by Judge William Catoe." (Gov't's Mem. Opp'n Mot. Return Property Ex. 1 (Nov. 2, 2007, Letter 1).) In addition, Johnson informed Little that he could file a request for reconsideration within ten days of his receipt of the letter. (Id. Ex. 1 (Nov. 2, 2007, Letter 1-2).)

In its response, the Government argues that Little's motion is moot because he failed to contest the FBI's finding in the November 2, 2007, letter that Little failed to establish a valid, good faith interest in the property being abandoned. As discussed above, Magistrate Judge Catoe found Little mentally incompetent on October 1, 2003, and this court dismissed the indictment against Little on March 8, 2004, for the same reason. Further, Little failed to file a request for reconsideration in response to the FBI's letter denying his claim to the property. Therefore, the property has been deemed abandoned by the FBI. Based on the foregoing, Little's motion for return of property is denied.

Therefore, it is

**ORDERED** that Little's motion for return of property, docket number 83, is denied.

**IT IS SO ORDERED.**

                                                      s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
February 13, 2008

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.